IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-01910-CMA-STV

MICHELLE NAVARRETE,

    Plaintiff,

v.

PATRICIA HIDALGO-MENDOZA, and
USAA GENERAL INDEMNITY COMPANY,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Motion to Remand (Doc. # 11). The Motion is denied for the following reasons.

### I.    BACKGROUND

This is an auto accident case. Plaintiff claims she was injured in a collision caused by Patricia Hidalgo-Mendoza. (Doc. # 5, ¶¶ 6-13). Hidalgo-Mendoza was uninsured, so Plaintiff filed an insurance claim with her own auto-insurance carrier, USAA, seeking uninsured-motorist benefits. (Doc. # 5, ¶¶ 29-36).

Plaintiff now alleges that USAA failed to pay her all the benefits she was owed under the policy. (Doc. # 5, ¶¶ 37-44). She sued USAA in state court, alleging breach of contract and bad faith. (Doc. # 5, ¶¶ 45-62). Plaintiff also named Hidalgo-Mendoza as a

defendant, but the Complaint asserts no claims against her. (Doc. # 5). USAA, a Texas corporation, removed the case to this Court based on diversity jurisdiction. (Doc. # 1).

Plaintiff now seeks to have this case remanded to state court. Plaintiff argues that there is not complete diversity among the parties because both she and Hidalgo-Mendoza are citizens of Colorado. (Doc. # 11, p. 4). USAA counters that Hidalgo-Mendoza was fraudulently joined for the sole purpose of defeating diversity: the Complaint asserts no claims against Hidalgo-Mendoza, and any judgment against Hidalgo-Mendoza will not be collectible. (Doc. # 1). Therefore, USAA argues, Hidalgo-Mendoza' inclusion in the case does not deprive the Court of jurisdiction. (Doc. # 17).

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome." *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1155 (D.N.M. 2015). To remove a case based on diversity jurisdiction, the defendant must demonstrate that there is "complete diversity among the parties." *Id*. (internal quotations omitted). To establish "complete diversity," the defendant must, in general, show that "no party on one side of a dispute shares citizenship with any party on the other side of a dispute." *Id*. (internal quotations omitted); *see also* 28 U.S.C. § 1332(a)(1) (establishing prerequisites for diversity jurisdiction). There is, however, an exception to this general rule: "[T]he joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal." *Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1403 (D. Colo. 1989). In other words, if the plaintiff fails

2

to state a cause of action against the defendant who defeats diversity, the joinder of the resident defendant is considered "fraudulent," and removal is proper. *Id*.

The Defendant bears the burden of proving fraudulent joinder. *Frontier Airlines, Inc.*, 758 F. Supp at 1404. To do so, it must show "either that there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court; or that there has been outright fraud in plaintiff's representations as to jurisdictional facts." *Id*. at 1403. "The burden on defendant is high; its presentation must be one that compels the conclusion that the joinder is without right and is made in bad faith." *Id*. at 1404.

When deciding a motion to remand, the Court may consider evidence; however, the court may not "pre-try" claims to determine whether there is a possibility of recovery against the resident defendant. *Id*. at 1404. "The Court must resolve all disputes of fact or uncertain legal issues in favor of the plaintiff." *Id*. at 1405.

### III.     ANALYSIS

The relevant facts are not in dispute. The parties agree that the Complaint contains no claims against Hidalgo-Mendoza and no allegations about her citizenship. (Doc. # 11, ¶ 11). Although Plaintiff states that she plans to add a claim against Hidalgo-Mendoza once this case is remanded, (Doc. # 11, ¶ 11), she has made no attempt to amend her complaint in the eight months since the case was removed to this Court. Finally, the parties seem to agree that any judgment against Hidalgo-Mendoza will not be collectible. (Doc. # 17-10).

These undisputed facts compel the conclusion that remand is not proper. "The joinder of a resident defendant against whom no cause of action is pled . . . will not defeat removal." *Frontier*, 758 F. Supp. At 1403. There is no dispute that Plaintiff has not pled a cause of action against Hidalgo-Mendoza, despite having ample time and opportunity to do so. Although Plaintiff states that she "will amend her complaint once this matter is remanded," (Doc. # 11, ¶ 11), the mere possibility that she will do so does not defeat diversity. Indeed, Plaintiff has made no attempt whatsoever to amend her Complaint in the eight months since this case was removed to federal Court. Further, Plaintiff offers no evidence or legal authority to suggest that the state court would permit amendment. As this case currently stands, Plaintiff – who is a Colorado citizen – has asserted claims only against USAA, at Texas corporation. Thus, there is complete diversity among the parties to this lawsuit, and this Court has jurisdiction to hear this case.

Moreover, even if Plaintiff had amended her complaint to include a claim against Hidalgo-Mendoza, such amendment would not defeat diversity. There is no genuine dispute that Plaintiff does not expect to recover from Hidalgo-Mendoza; she intends to seek damages only from USAA. (Doc. # 11, ¶¶ 3-4; Doc. # 17-10). Although the Court "may not 'pre-try' claims to determine whether there is a possibility of recovery against the resident defendant," *Id.* at 1404, the Court need not do so here: Plaintiff has admitted that that she will not recover from Hidalgo-Mendoza. (Doc. # 17-10). Thus, Plaintiff's own admissions suggest that Hidalgo-Mendoza "was joined solely for the purposes as defeating diversity." *Frontier Airlines, Inc.*, 758 F. Supp. at 1410. As a

4

result, Hidalgo-Mendoza's inclusion in this case constitutes fraudulent joinder, and remand is not appropriate.

Plaintiff argues, however, that the case should be remanded because removal was not timely. (Doc. # 11, pp. 3-4). The removal statute requires removal within 30 days after the defendant is served with the complaint. 28 U.S.C. § 1446(b)(1). Because the 30th day fell on a Saturday, USAA filed its notice of removal on the following Monday – the 32nd day. (Doc. # 18, p. 2). Plaintiff argues that because USAA filed outside the 30-day period set forth in § 1446, removal is time barred. This argument has no merit.

Under F.R.C.P. 6(a)(3), when a filing deadline falls on a Saturday, Sunday, or legal holiday, the deadline is automatically extended to the next business day. This rule applies to the filing deadline for a notice of removal under § 1446. *See, e.g. Hernandez v. Menlo Logistics, Inc.*, No. CIV 12-0907 JB/WPL, 2013 WL 5934411, at *1 (D.N.M. Sept. 30, 2013) (" Federal Rule of Civil Procedure 6(a) . . . governs the computation of time periods in statutes that do not 'specify a method of computing time' . . . . the thirty-day time period articulated in § 1446(b) is not a method of computing time, but rather is a time deadline. Accordingly, because § 1446(b) does not contain its own method of computing time, the removal statute is subject to rule 6(a)'s computation procedure."). Therefore, the notice of removal was timely.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that it has diversity jurisdiction over this case. The Motion to Remand (Doc. # 11) is therefore DENIED.

DATED: March 5, 2021

             BY THE COURT:

             _____
             CHRISTINE M. ARGUELLO
             United States District Judge